IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00508-PSF-MJW

APARTMENT INVESTMENT AND MANAGEMENT COMPANY (AIMCO),

    Plaintiff,

v.

NUTMEG INSURANCE COMPANY,

    Defendant.

---

ORDER REGARDING:
(1) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA SERVED ON COUNSEL OF RECORD THOMAS L. ROBERTS
(DOCKET NO. 114);
(2) DEFENDANT NUTMEG'S MOTION TO MODIFY PRETRIAL DEADLINES (DOCKET NO. 122);
(3) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 109);
AND
(4) PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 117);

---

    This matter is before the court on: (1) Plaintiff's Motion for Protective Order and to Quash Subpoena Served on Counsel of Record Thomas L. Roberts (docket no. 114); (2) Defendant Nutmeg's Motion to Modify Pretrial Deadlines (docket no. 122); (3) Plaintiff's Motion for Protective Order (docket no. 109); and, (4) Plaintiff's Motion for Protective Order (docket no. 117). The court has considered these motions and any responses and replies filed thereto. In addition, the court has taken judicial notice of the court's file and

has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff AIMCO seeks a protective order quashing a notice of deposition and subpoena that was served on Thomas L. Roberts by Defendant Nutmeg Insurance Company (hereinafter "Defendant Nutmeg").  The notice of deposition and subpoena seeks testimony from Plaintiff's counsel, Thomas L. Roberts.   In particular, Defendant Nutmeg seeks testimony from Mr. Roberts in three areas: (1) the methodology Mr. Roberts developed and broadcast to the five other law firms; (2) the specific allocation of the Roberts Levin fees between AIMCO's affirmative litigation (for which it does not seek damages for breach of the duty to defend) and its defense of the underlying cases (for which it does); and, (3) when the underlying claims were first made against AIMCO.  See page 4 of response (docket no. 120).

A party seeking to depose opposing counsel of record must satisfy three elements: (1) the party seeking discovery must show that no other means exist to obtain the desired information; (2) the information must be relevant and nonprivileged; and, (3) the information must be critical to the case.  Religious Technology Center v. F.A.C.T. Net, Inc., 945 F.Supp. 1470, 1480 (D. Colo. 1996).  Moreover, the district court has discretion to enter a protective order precluding the deposition of opposing counsel if any of the above elements are not satisfied.  Boughton v. Cotter Corp., 65 F.3d 823, 830 (10th Cir.

1995).

In this case, Plaintiff AIMCO seeks roughly five (5) million in damages for Defendant Nutmeg's alleged breach of the duty to defend. See AIMCO document bates stamped 5609. This document, bates stamped 5609, was attached to Mr. Theis' expert's report. Mr. Theis is an expert witness for the Plaintiff AIMCO. Here, the court finds that Mr. Roberts is the only source for information about his firm's fees. Moreover, this court finds that such information does not appear to be privileged and is a critical issue in the subject litigation. Accordingly, Plaintiff's Motion for Protective Order and to Quash Subpoena Served on Counsel of Record Thomas L. Roberts (docket no. 114) should be denied.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion for Protective Order and to Quash Subpoena Served on Counsel of Record Thomas L. Roberts (docket no. 114) is DENIED;

2. That the parties shall forthwith set Mr. Roberts deposition. His deposition shall be completed by September 28, 2007. Discovery is extended until September 28, 2007, for the limited purpose of completing Mr. Robert's deposition. That during the deposition of Mr. Roberts, Plaintiff AIMCO still reserves its right to object on privilege grounds to any given question that may be asked of Mr. Roberts;

3. That Defendant Nutmeg's Motion to Modify Pretrial Deadlines (docket no. 122) is GRANTED, finding good cause and no objection by Plaintiff AIMCO;

4. That the deadline to file dispositive motion is extended to September 14, 2007. The Final Pretrial Conference set on September 14, 2007, at 9:00 a.m. is VACATED and reset to October 12, 2007, at 9:00 a.m. The parties shall file their proposed Final Pretrial Order with the court on or before October 9, 2007. The Rule 16 Scheduling Order is amended consistent with this Order;

5. That Plaintiff's Motion for Protective Order (docket no. 109) is GRANTED. Defendant Nutmeg Insurance Company has failed to file any timely response to this motion and this court deems the motion confessed. Plaintiff AIMCO is not required to respond to Defendant Nutmeg's discovery requests served on May 21, 2007; and,

6. That Plaintiff's Motion for Protective Order (docket no. 117) is DENIED. Plaintiff shall provide to Defendant Nutmeg all documents

responsive to Defendant Nutmeg's Third Set of Requests for Production of Documents numbers 14, 17 and 18 on or before September 14, 2007;

Done this 28th day of August 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge