IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00508-PSF-MJW

APARTMENT INVESTMENT AND MANAGEMENT COMPANY (AMICO),

    Plaintiff,

v.

NUTMEG INSURANCE COMPANY,

    Defendant.

---

**ORDER REGARDING PLAINTIFF APARTMENT INVESTMENT AND MANAGEMENT COMPANY'S MOTION FOR RECONSIDERATION OF ORDER (DOCKET NO. 148) REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA SERVED ON COUNSEL OF RECORD THOMAS L. ROBERTS (DOCKET NO. 114) (DOCKET NO. 156)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff Apartment Investment and Management Company's Motion for Reconsideration of Order (docket no. 148), regarding Plaintiff's Motion for Protective Order and to Quash Subpoena served on Counsel of Record Thomas L. Roberts (docket no. 114) (docket no. 156). The court has reviewed the motion, response (docket no. 166), and reply (docket no. 172). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff seeks an order from this court regarding Plaintiff's Motion for Protective Order and to Quash Subpoena Served on Counsel of Record Thomas L. Roberts (docket no. 114) and to vacate this court's order requiring Mr. Roberts to appear for his deposition pending final resolution of the issue presented in this motion concerning the topic of when the underlying claims were first made against Plaintiff.  Plaintiff has indicated that Mr. Roberts will make himself available, at a time convenient to the parties or as may be ordered by the court, on the subjects of Plaintiff's document bates no. 5609 and his firm's fees that are sought as part of Plaintiff's damages in this case.

In support of this motion, Plaintiff argues that this court made no findings with regard to the topic of "when the underlying claims were first made against Plaintiff" which is required under Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).  In opposition to the subject motion, Defendant argues that this court's order (docket no. 148) concluded that Defendant had satisfied its burden under Shelton with respect to all three topics as to which testimony was sought and further argues that is was "unnecessary for the court to make factual findings concerning each of the three proposed areas (i.e., topics) of inquiry."  Moreover, Defendant argues that Mr. Roberts is a mere "occurrence" witness with a law license who observed non-privileged factual events concerning when claims were made.

Here, the court finds that it should have made specific findings as to the third topic of "when the underlying claims were first made against Plaintiff" in its Order (docket no. 148) under Shelton.  *Id.*  In addition, this court finds that Defendant has

3

failed to meet its burden of proof as required under Shelton on the third topic of "when the underlying claims were first made against Plaintiff."  As to this third topic, Defendant seeks information, through the deposition of Mr. Roberts, to clear up a potential inconsistency as to why the tender letters written by Mr. Roberts referred to two policy inception dates but did not explain why or how one or both policies might apply to the *WestRM* and *Cananwill* claim. Defendant argues that Plaintiff's Rule 30(b)(6) witness, Miles Cortez, on this very topic supports its argument that Mr. Roberts is the sole source of the subject information and further argues that the testimony of expert witness, Garth Allen, creates an inconsistency on the issue of when the *WestRM* and *Canawill* claims were made.

However, this court concludes that such sought information clearly seeks mental impressions, theories, and strategies subject to work product and attorney-client privilege from Mr. Roberts.  Mr. Roberts received the *Cananwill* letter and then drafted letters to Defendant in his capacity as Plaintiff's retained outside counsel in ongoing coverage litigation and insurance matters.  Lastly, Defendant has had the opportunity to question witnesses besides Mr. Roberts regarding the receipt of the *Cananwill* letter and whether it was or could be perceived as a claim made during the 2000-02 policy.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

    1.    That Plaintiff Apartment Investment and Management Company's Motion for Reconsideration of Order (docket no. 148), regarding

4

Plaintiff's Motion for Protective Order and to Quash Subpoena served on Counsel of Record Thomas L. Roberts (docket no. 114)(docket no. 156) is **GRANTED** as follows;

2. That Defendant will not be permitted to inquire into the third topic of "when the underlying claims were first made against Plaintiff" when deposing attorney Thomas L. Roberts;

3. That the parties shall forthwith meet, confer, and set the deposition of attorney Thomas L. Roberts;

4. That this court's Order (docket no. 148) is amended consistent with this Order; and,

5. That each party shall pay their own attorney fees and costs for this motion.

Done this 19th day of November 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE